■    In the Matter of JOHN INTINO, JR., Respondent, v. DONALD S. HOS- TETTER et al., Constituting the State Liquor Authority, Appellants.— Motion for reargument denied, without costs. Memorandum: We recognize that in this proceeding no hearing was held within the meaning of CPLR 7803 (subd. 4). The issue presented was whether the determination was arbitrary and capricious or an abuse of discretion (CPLR 7803, subd. 3). Normally this would be an issue to be passed upon in the first instance by Special Term subject to review on appeal by this court. In the unusual posture, however, that the proceeding came before this court we concluded that it would be an idle ceremony to remand the matter to Special Term. In our former decision (29 A D 2d 625) we stated that the order of Special Term did not specify what issues were to be tried and upon searching the record we found no such issues (cf. *Matter of O'Brien* v. *Commissioner of Educ.,* 3 A D 2d 321, 325). Upon this motion petitioner contends that the triable factual issue is whether he is the sole party interested in the application and "that (Henry) Cittadino retains no interest or control." Assuming that following a trial this issue would have been resolved in favor of petitioner we find sufficient in the record to conclude that the determination was neither arbitrary, capricious nor an abuse of the discretion vested in the Authority. Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

## (February 22, 1968)

■    DOGS, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant- Respondent. (Claim No. 44114.) — Judgment unanimously reversed on the law and facts, without costs, and a new trial granted. Memorandum: All parties argue that the award is unsupported by the evidence. Claimants urge that it be increased and the State asks that it be reduced. The testimony is not clear as to what items were on the property, but not attached to the realty, nor does it clearly show which items were removed after the taking and by whom. A photograph shows that at the time of the appropriation the trailer was not attached to the foundations. The Trial Judge apparently included in the award a sum which represented compensation for the trailer without specifying the amount designated therefor. If the trailer is regarded as personalty, then it was not compensable. (*Marraro* v. *State of New York,* 12 N Y 2d 285.) Furthermore, there was no proof supporting expert opinion as to the value of land taken which was below grade. (Cf. *Yennock* v. *State of New York,* 23 A D 2d 809.) We conclude that upon the record before us the evidence is insufficient for this court to intelligently review the determination of the trial court. (Appeals from judgment of Court of Claims in action for damages for perma- nent appropriation of leased premises.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.